**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **RAJHEE WILLACY** | * |
| 130 Mount Vernon Avenue, Apt 7H, | * |
| Mount Vernon, NY 10550 | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | * |
| **BALTIMORE POLICE DEPARTMENT** | * |
| 601 E. Fayette Street, | *      Case No.: _____ |
| Baltimore, MD, 21202 | * |
| | * |
| Served on: | * |
| Lisa Walden, Esquire | * |
| Office of Legal Affairs | * |
| 100 N. Holiday Street, Suite 101 | * |
| Baltimore, Maryland 21202 | * |
| | * |
| Defendant | * |

*     *     *     *     *     *     *     *     *     *     *     *     *

**COMPLAINT & JURY DEMAND**

**NOW COMES**, Plaintiff Mr. Rajhee Willacy, by and through his undersigned attorneys, George A. Rose, Esquire, and Rose Law Firm, LLC, and sues Baltimore Police Department, for employment race, and national origin, retaliation, and other claims. In support of his cause of action Plaintiff states to this Honorable Court:

## I.     PRELIMINARY STATEMENT

1.     This is action for declaratory, injunctive, monetary, and other appropriate relief against the Baltimore Police Department. Plaintiff, Rajhee Willacy, seeks to redress intentional violations by the Baltimore Police Department of rights secured to him by the laws of the United States and the State of Maryland.  This action arises for: (1) race and national origin discrimination in employment and retaliation in violation of Title VII of the Civil Rights Act of *1964* § 7, 42

U.S.C. § 2000e et seq. (*1964*). ("Title VII"), and the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C.§ 1981.

## II.      PARTIES

2.      Mr. Rajhee Willacy (hereinafter "Plaintiff" or "Mr. Willacy") is an African American citizen of the United States, of Jamaican national origin and background. Mr. Willacy resides in Mont Vernon, New York with his wife and family.

3.      Baltimore Police Department, (hereinafter "Defendant") is a municipal police department created by the State of Maryland whose jurisdiction encompasses Baltimore, Maryland.

4.      At all times pertinent hereto, Defendant was in the process of recruiting Plaintiff for employment as a police officer trainee.

5.      At all times relevant, the Baltimore Police Department was an "employer" as defined by 42 U.S.C. § 2000e(b) and employed the requisite number of employees to make it subject to Title VII.

6.      At all times relevant, the Baltimore Police Department acted by and through the acts of its agents, servants, and or employees, including but not limited to Detective Abraham Velez.

## III.      JURISDICTION

7.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

## IV.      VENUE

8.      Venue is proper in this district under 28 U.S.C. *§1391(a)(2),* and *§1391(b)(2)* because Defendant are located in this district, and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district because the alleged unlawful

employment practices were committed in this district, and the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

### V.        EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.        On or about December 23, 2020, Plaintiff filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC) Charge No.: 12F-2021-00228C.  On August 31, 2021, the EEOC issued a No Probable Cause finding on the Charge, effectively terminating the matter.  Pursuant to EEOC regulations, Plaintiff is now entitled to obtain a right to sue letter and pursue his claim in this Court. Mr. Willacy has, therefore, exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

### VI.        FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

10.        On October 21, 2020, Plaintiff applied for the position of Police Officer trainee with Defendant. Plaintiff was eligible and qualified for the position.

11.        Plaintiff disclosed Plaintiff's race and national origin to Defendant during the application process.

12.        On October 30, 2020, Plaintiff received communication from Defendant's Detective Abraham Velez, scheduling Plaintiff for an in-Person Interview and Polygraph test on November 9, 2020, and November 10, 2020, respectively.

13.        On November 9, 2020, Plaintiff was interviewed by Detective Abraham L. Velez. During the interview, Plaintiff disclosed to Mr. Velez some minor domestic incident reports involving Plaintiff. In response to the disclosure, Mr. Velez made several remarks to Plaintiff, including: "are you sure you never hit her", "you should have been arrested", "maybe you were

arrested, and the record is sealed", and "based on my experience in law enforcement most Jamaican men, not all, have trouble with domestic violence".

14.     During the interview, Plaintiff protested Mr. Velez characterization of the minor domestic incidents reports as "criminal" and Mr. Velez's remarks that most Jamaican men "have trouble with domestic violence".

15.     On November 10, 2020, Plaintiff attended and took Defendant's Polygraph as part of the application process. At the end of the polygraph test, Plaintiff was not told the result of the test, but instead was told to wait to hear from Defendant. In addition to the interview and polygraph, the recruitment process also involved an "eSOPH" background profile review for compliance, review of all original documents, Social Media investigation (with Plaintiff's consent to search), and Plaintiff's signed Offer of Employment.  Plaintiff successfully completed all these components of the recruitment.

16.     On November 20, 2020, Plaintiff received communication from Defendant stating in parts: "we have determined you do not meet our agency's requirements for the position", allegedly due to Plaintiff's "Employment history" "Criminal history/Criminal activity" and "Other/Comments; Failure to successfully complete all required components of the background investigation process." The communication also stated: "Please be advised that we are unable to disclose the specific information that led us to this determination."

17.     Although Plaintiff was qualified for the position and successfully completed the requirements to be hired for the position, Defendant denied Plaintiff the position, as it continues recruiting others as police officer trainees.

18.     Defendant's policy states that: "Results of pre-employment polygraph examinations may be provided to other law enforcement agencies, with the applicant's

authorization." However, without Plaintiff's authorization or knowledge, Defendant disclosed the results of Plaintiff's pre-employment polygraph examination. Furthermore, Defendant provided false statements to Plaintiff's prospective employers that Plaintiff has a criminal history or participated in criminal activities.

## VII.   COUNT ONE
### (National Origin Discrimination in Violation of Title VII & Section 1981)

19.     Mr. Willacy incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further always alleges that relevant hereto Plaintiff was subjected to national origin employment discrimination by Defendant.

20.     Defendant intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting national origin discrimination in employment, fail to hire Plaintiff due to prejudice against Plaintiff as a person of Jamaican national origin. Plaintiff reasonably believes that Mr. Velez's remarks during the interview that: "are you sure you never hit her", "you should have been arrested", "maybe you were arrested, and the record is sealed", and "based on my experience in law enforcement most Jamaican men, not all, have trouble with domestic violence", are discriminatory and based on national origin prejudice against Plaintiff, as a person of Jamaican national origin.

21.     Plaintiff reasonably believed that Mr. Velez remarks during the interview that: "are you sure you never hit her", "you should have been arrested", "maybe you were arrested, and the record is sealed", and "based on my experience in law enforcement most Jamaican men, not all, have trouble with domestic violence", are discriminatory based on national origin animosity against Plaintiff, as an American of Jamaican national origin.

22.     Defendant had actual and/or constructive knowledge of the national origin motivated discriminatory treatment against Plaintiff and not only failed to take prompt and

adequate remedial action but instead condoned the discriminatory treatment of Plaintiff based on his national origin.  Furthermore, the rejection of Plaintiff's application for the police officer trainee position was clearly based on the discriminatory motives expressed in Mr. Velez's statements.

23.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions, and specifically Defendant's national origin motivated discriminatory disparate treatment, Plaintiff has suffered a loss of income, denial of promotion, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus his Attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## VIII.   COUNT TWO
### (Race Discrimination in Violation of Title VII & Section 1981)

24.     Mr. Willacy incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further always alleges that at all times relevant hereto Plaintiff was subjected to race discrimination by Defendant because of Plaintiff's race and background as black African American.

25.     Defendant intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting race discrimination in employment hiring, denied Plaintiff the officer trainee position because of racial bias against Plaintiff as an African American.

26.     Plaintiff reasonably believes that Mr. Velez's remarks during the interview that: "are you sure you never hit her", "you should have been arrested", "maybe you were arrested, and the record is sealed", and "based on my experience in law enforcement most Jamaican men, not all, have trouble with domestic violence", are discriminatory and based on racial animosity against Plaintiff, as a black person of African descent.  Furthermore, the rejection of Plaintiff's application

for the police officer trainee position was clearly based on the discriminatory motives expressed in Mr. Velez's statements.

27.     Defendant had actual and/or constructive knowledge of the racially motivated discriminatory treatment against Plaintiff and not only failed to take prompt and adequate remedial action but instead condoned the discriminatory treatment of Plaintiff.

28.     As a direct, foreseeable, and proximate result of Defendant's unlawful actions and specifically Defendant's racially motivated discriminatory treatment, Plaintiff has suffered loss of income, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus his Attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## IX.     COUNT THREE
### (Retaliation)

29.     Mr. Willacy incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to retaliation for engaging in protected activities in violation of Title VII and Section 1981.

30.     Plaintiff reasonably believes that he engaged and was engaging in the following protected activities by protesting Mr. Velez characterization of Plaintiff as a criminal; and Mr. Velez statement that most Jamaican men "have trouble with domestic violence".

31.     In response to Plaintiff's protected activities, Defendant rejected Plaintiff's application for the police officer trainee position. This constitutes adverse action by Defendant and was causally linked to Plaintiff's protected activities.

32.     Defendant was fully aware of the retaliatory acts against Plaintiff detailed in the foregoing paragraphs and were deliberately indifferent by disregarding the known or obvious conduct toward Plaintiff, and actually participated in the retaliation against Plaintiff.

33.     As a direct and proximate result of the discriminatory retaliation, Plaintiff has suffered a loss of income and benefits, and has suffered injury to his reputation, injury to his career, pain, mental anguish, and humiliation; and faces irreparable harm and future losses.

WHEREFORE, Plaintiff prays judgment against Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus his Attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## X.     PRAYER FOR RELIEF

**WHEREFORE**, Mr. Willacy prays that this Court enters judgment in his favor and grant Mr. Willacy the maximum of relief allowed by law, including, but not limited to:

(a)     compensatory damages of $900,000;

(b)     back pay and front pay; Mr. Willacy

(c)     a declaration that Defendant's actions violated Title VII, and Section 1981;

(d)     Attorney's fees, and costs;

(e)     both pre-judgment and post-judgment interest; and

(f)     any such other relief as are just and equitable under the circumstances.

## XI.     JURY DEMAND

Mr. Willacy requests a trial by jury on all issues and Counts stated herein.


Respectfully Submitted,

*/s/ George Rose*
George A. Rose, Esquire
Federal Bar Number: 26086

8

Rose Law Firm, LLC
9134 Liberty Road
Baltimore, MD  21133
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Mr. Rajhee Willacy*